**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2012

No. 11-51282
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURO CASTANEDA PALACIO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-302-1

Before KING, JOLLY and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mauro Castaneda Palacio, federal prisoner # 39711-180, moves for leave to proceed in *forma pauperis* (IFP) on appeal from the district court's denial of his petition for a writ of *audita querela* (which enables a defendant to re-open a judgment in certain circumstances). *See* FED.R.APP.P. 24; *see also* 28 U.S.C. § 1651(a); *see, e.g., United States v. Miller*, 599 F.3d 484, 487-488 (5th Cir. Tex. 2010). In particular, Palacio challenges the 120-month sentence imposed in connection with his conviction for attempting to entice a minor to engage in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sexual activity.  Palacio argues that the district court abused its discretion in denying his petition for writ of audita querela and should have resentenced him with credit for time spent in federal custody while awaiting trial.  He acknowledges that he previously sought relief through a writ of *habeas corpus* petition and was denied because his state sentence was credited for his time in federal custody.  *See* 28 U.S.C. § 2241; *see also* FED.R.APP.P. 22.  Nevertheless, Palacio argues that the district court should have modified his sentence and applied a downward departure.

By moving for leave to proceed IFP on appeal, Palacio is challenging the district court's certification that his appeal presents no nonfrivolous issues and is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Palacio's challenge to his sentence and the denial of credit for time served is not a legal defense that arose after the judgment.  *See United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010).  Additionally, equitable grounds will not justify a writ of audita querela.  *Id.*  Therefore, the district court correctly denied Palacio's petition.

In light of the foregoing, Palacio's IFP motion fails to show error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal.  *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Therefore, Palacio's motion for leave to proceed IFP on appeal is denied and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2 ("If upon hearing of any interlocutory motion . . ., it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed.").

We deny Palacio's IFP motion, and we dismiss his appeal.  Accordingly, we deny Palacio's accompanying motion for appointment of counsel as moot because, given our disposition with respect to Palacio's appeal, there are no issues before us at this time.  *See* 18 U.S.C. § 3599; *see, e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299-300 (5th Cir. 1998).  DISMISSED.